Filed 4/6/16  P. v. Cabral CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ANTHONY CABRAL,

    Defendant and Appellant.

E064974

(Super.Ct.No. FRE03988)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

In September 2001, a jury convicted defendant and appellant Anthony Cabral of possession of a controlled substance, methamphetamine, for sale under Health and Safety

1

Code section 11378; possession of a controlled substance while armed with a firearm under Health and Safety Code section 11370.1, subdivision (a); possession of a controlled substance under Health and Safety Code section 11350, subdivision (a); and felon in possession of a firearm under Penal Code section 12021, subdivision (a)(1) (repealed 2012, now Penal Code section 29800). The trial court sentenced defendant under the Three Strikes law to 50 years to life. (Pen. Code, §§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)

On direct appeal, we affirmed the judgment, and remanded the case to the trial court. (*People v. Cabral* (Jan. 28, 2003, E030854) [nonpub. opn.].) On remand, the trial court explained the reasons for consecutive sentences in count 1 and count 4: "Court finds after listening to arguments of the counsel that counts 1 and 4 arose from separate and independent facts." The court then adopted the previous sentence of 50 years to life. (*People v. Cabral* (Jan. 15, 2014, E058860) [nonpub. opn.].)

On March 14, 2013, defendant filed a motion to recall his sentence based on the Three Strikes Reform Act or Proposition 36. (Pen. Code, § 1170.126.) On March 21, 2013, the trial court denied the petition because defendant's "current commitment offenses include [Health and Safety Code section] 11378 possession of controlled substance while armed with a firearm. Since defendant was armed with a firearm in the commission of the offense the defendant is not eligible for resentencing under [Penal Code section] 1170.126." Defendant appealed the trial court's ruling. On January 15, 2014, we affirmed the trial court's denial of the motion to recall. (*People v. Cabral* (Jan. 15, 2014, E058860) [nonpub. opn.].)

2

On September 23, 2015, defendant filed a motion for reconsideration of the petition for recall of sentence. He contended that counts 1 through 3 were not convictions for serious or violent felonies, and that as set forth under *People v. Johnson* (2015) 61 Cal.4th 674, he is entitled to recall and evaluation of his sentence on a count-by-count basis.

On October 26, 2016, the trial court denied defendant's motion for reconsideration. The court ruled that defendant's "convictions resulted from seizure of various drugs from his residence on the same occasion. Firearm and ammunition were also seized. Defendant was convicted of [Health and Safety Code, section] 11370.1[, subdivision] (a), possession of drugs while armed with a firearm. Defendant was therefore armed in the commission of each of the offenses and therefore is ineligible for relief under [Penal Code section] 1170.126."

On November 25, 2015, defendant filed a timely notice of appeal.

## DISCUSSION[1]

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

---

[1] Since this is an appeal from the court's denial of defendant's recall petition, the underlying facts are not relevant to this appeal.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.